1
2
3
4
5
6
7

# United States District Court
# Eastern District of California

10

| | |
|---|---|
| VICTOR AVALOS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>D.K. SISTO, WARDEN, *et al.*,<br><br>　　　　　　Respondents. | CV 07-02324 TJH<br><br><br>　　　　Order |

The court has considered the petition for writ of *habeas corpus* of Victor Avalos, together with the moving and opposing papers.  For the reasons set forth herein, the petition is denied.

Avalos pled guilty in 1991 to the second-degree murder of Alicia Adame with the use of a firearm and was sentenced to a term of twenty years to life with the possibility of parole.

The Board of Parole Hearings ["Board"] denied Avalos parole in 2004. The Board denied Avalos parole for a second time in 2006.

1       Avalos filed a petition for writ of *habeas corpus* in state court challenging, on

2  due process grounds, the Board's 2006 decision to deny him parole. The court

3  denied the petition, finding there was some evidence to support the Board's decision

4  to deny Avalos parole.  On appeal, the California Court of Appeal, also, denied the

5  petition, finding in Avalos's plea agreement no promise of parole by a specified

6  time, if at all.  The California Supreme Court summarily denied Avalos's petition

7  for review.  Avalos, then, filed for *habeas* relief in this Court.

8

9       Under 28 U.S.C. § 2254, courts may grant *habeas* relief only where the state

10  court's decision to uphold a denial of parole was an "unreasonable application" of

11  the "some evidence" standard, or was "based on an unreasonable determination of

12  the facts in light of the evidence." *Hayward v. Marshall*, 603 F.3d 546, 562-63 (9th

13  Cir. 2010).

14

15       Under the "some evidence" standard, due process is satisfied if there is some

16  evidence to support the Board's decision to deny parole, *i.e.*, some evidence from

17  which the Board's conclusion could be deduced.  *Superintendent, Mass.*

18  *Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774,

19  86 L. Ed. 2d 356, 365 (1985).  If there is *any* evidence in the record to support the

20  conclusion by the Board that Avalos was unsuited for parole, its decision must stand.

21  *Hill*, 472 U.S. at 455, 105 S. Ct. at 2774, 86 L. Ed. 2d at 365.

22

23       Evaluated against that deferential standard of review, Avalos's *habeas* claim

24  fails.  There is some evidence in the record to support the Board's decision.  The

25  Board found that the offense was carried out in a "cruel" and "dispassionate"

26  manner;  that  Avalos  abused  his  victim's  trust;  and  that  the  motive  was

1  "inexplicable" in light of Avalos's expressed belief that, due to her religious beliefs,

2  the victim would not have shot herself had he refused her request that he shoot her.

3  The Board further relied on an unfavorable psychological report that indicated an

4  unpredictable potential for violence, citing Avalos's lack of sophistication and

5  vulnerability to external pressures, and considered, also, the opposition of the

6  district attorney and the victim's family.  Taken together, the disposition of these

7  factors constitutes "some evidence" to support the Board's decision.

9      To the extent that Avalos disagrees with the Board's interpretation or

10  construction of the evidence, *i.e.*, that certain factors were over emphasized while

11  others were overlooked or under emphasized – the "some evidence" standard does

12  not permit this Court to reexamine how the evidence was weighed, just whether the

13  evidence exists.  *Hill*, 472 U.S. at 455, 105 S. Ct. at 2774, 86 L. Ed. 2d at 365.

14  Because it *does* exist, the state court properly denied the writ.

16      Finally, Avalos's claim that the Board's decision violated his plea agreement

17  has no merit.  Paragraphs 2 and 8a of Avalos's plea agreement, both of which he

18  initialed, explicitly advised him that the maximum penalty as a result of his plea

19  would be twenty years *to life*.  Life imprisonment is the statutory maximum for

20  second-degree murder set by California Penal Code § 190.  Avalos cannot claim

21  under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147

22  L. Ed. 2d 435, 455 (2000), that his penalty was improperly increased beyond the

23  statutory maximum when the statutory maximum was life.

25      The matrix of base terms does not apply here since it applies only when the

26  Board has found an inmate suitable for parole.  Since Avalos was *not* found suitable

1  for parole, the matrix does not apply.  15 Cal. Code Regs. §§ 2401-2403(a).  *In re*
2  *Dannenberg*, 34 Cal. 4th 1061, 1071, 23 Cal. Rptr. 3d 417, 421 (2005).

3

4  It is Ordered that the petition for writ of *habeas corpus* be, and hereby is,
5  Denied.

6

7  Date:   July 27, 2010

8  _____
9  Terry J. Hatter, Jr.
10  Senior United States District Judge